UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRENTESS JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:23-cv-00126-SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Petitioner Prentess Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1). For the reasons stated below, the Court will deny the motion as an unauthorized second or successive § 2255 motion, and this action will be dismissed.

## BACKGROUND

On March 17, 2016, the government filed a two-count indictment against petitioner charging him in Count I of being a Felon in Possession of a Firearm - Armed Career Criminal in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e), and in Count II of Possession with the Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(D). *USA v. Prentess L. Johnson*, EDMo case no. 1:16-cr-00034-SNLJ, Doc. 2. Petitioner entered a guilty plea to both charges pursuant to a guilty plea agreement with the government on August 9, 2016. *Id.* at Docs. 32, 33. He appeared for a sentencing hearing on November 8, 2016. *Id.* at Doc. 39. After determining that petitioner had three predicate convictions subjecting him to an enhanced sentence as

an Armed Career Criminal under 18 U.S.C. § 924(e)(1) (ACCA), the Court imposed the mandatory minimum fifteen-year sentence (180 months) required by § 924(e)(1) on Count I. *Id.* He was sentenced to 60 months on count II, to be served concurrently. *Id.*

Petitioner filed a timely Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on June 5, 2017. *Prentess L. Johnson v. USA*, EDMo case no. 1:17-cv-00097-SNLJ, Doc. 1. The motion to vacate was denied on September 26, 2018. *Id.* at Doc. 9. Petitioner filed the instant §2255 motion on July 25, 2023 (Doc. 1).

## DISCUSSION

A federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Once a prisoner has filed a § 2255 motion, there is a significant restriction on the filing of a second or successive motion. Pursuant to subsection (h) of § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2

*See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

The instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. Because Petitioner did not obtain the necessary authorization before filing the motion, the Court lacks jurisdiction to consider the motion.[1] As a result, the motion is denied, and this matter is dismissed without prejudice.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Prentess Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1) is **DENIED** and **DISMISSED without prejudice** because petitioner did not

---

[1] The Court notes that petitioner has a petition for permission to file a successive habeas petition pending in the United States Court of Appeals for the Eighth Circuit, case no. 24-1348.

obtain the required authorization from the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 3rd day of October, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE